**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PARIMAL PATEL,<br>Plaintiff,<br>v.<br>PIYUSH PATEL,<br>Defendant,<br>and<br>SHRADDHA ENTERPRISES, INC.,<br>Nominal Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. __________<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Parimal Patel ("Parimal"), by and through his counsel Hahalis & Kounoupis, P.C. and George S. Kounoupis, alleges as follows:

## NATURE OF THE ACTION

1. This action arises from the wrongful exclusion and freeze-out of Plaintiff Parimal from a closely held Pennsylvania business corporation (Shraddha Enterprises, Inc.) in which Parimal and Defendant Piyush Patel ("Piyush") were each 50% owners.

2. The action involves Piyush's unilateral and illegal removal and disposition of corporate inventory, retention or diversion of proceeds, shutdown of the business without Parimal's authorization and in violation of the Pennsylvania Corporation Law, and an additional count based on breach and failure to repay approximately $300,000 personally advanced by Parimal to Piyush as a loan.

3. The parties' January 2, 2025 written agreement titled “Partnership Agreement” establishing their equal ownership and business relationship concerning Shraddha Enterprises, Inc., d/b/a Cigar Crew ("Shraddha" or the "Corporation"). A true of correct copy of said Partnership Agreement (“Agreement”) is attached hereto as Exhibit A.

4. As part of the Agreement Plaintiff personally loaned Defendant Piyush $300,000 so that he could make his share and part of the investment.

5. Plaintiff seeks damages, including repayment of the $300,000 loan and damages arising from breaches of fiduciary and corporate duties by Defendant, including diversion or disposition of corporate inventory and proceeds as those claims are also pleaded derivatively regarding the corporate nominal Defendant.

**PARTIES**

6. Plaintiff Parimal Patel is an individual domiciled in and a citizen of the State of New Jersey, residing at 18 Deerwood Avenue, Edison, New Jersey 08817. (Plaintiff may at some point move to Alabama but at no time relevant is Plaintiff a citizen or resident of Pennsylvania.

7. Defendant Piyush Patel is an individual domiciled in and a citizen of the Commonwealth of Pennsylvania, residing at 1440 Providence Lane, Hatfield, Montgomery County, Pennsylvania 19440.

8. Nominal Defendant Shraddha Enterprises, Inc. is a Pennsylvania business corporation doing business as Cigar Crew. Its principle place of business was in Pennsylvania, at 130 W. Main Street, Suite 140, Trappe, Montgomery County, Pennsylvania 19426.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Parimal is a citizen of New Jersey and Piyush is a citizen of Pennsylvania. The amount in controversy exceeds $75,000, exclusive of interest and costs; and that the corporate breaches of Defendant here resulted in losses alone well exceeding the jurisdiction amount); the $300,000 personal loan claim alone exceeds the jurisdictional minimum.

10. Shraddha is named only as a nominal defendant with respect to derivative claims.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events and omissions giving rise to the claims occurred in Montgomery County, Pennsylvania, including the operation and illegal closure and wrongful dissipation of all the assets of the Cigar Crew business and illegal and wrongful disposition of its inventory by Defendant.

## FACTUAL ALLEGATIONS

12. On or about January 2, 2025, Parimal and Piyush executed the Partnership Agreement concerning Shraddha Enterprises, Inc., d/b/a Cigar Crew, and a joint business venture.

13. All of the parties' corporate and tax records clearly and expressly identify 100 outstanding shares, with Parimal and Piyush each holding 50 shares and a 50% equal allocation.

14. The Bylaws provide, inter alia, for shareholder voting rights, shareholder meetings, corporate books and records, management by the Board of Directors, and corporate control over the disposition and accounting of corporate property. (A true and correct copy of the Bylaws is attached hereto as Exhibit B.)

15. Plaintiff Parimal loaned the amount of $300,000 personally to Defendant as part of the agreement.

16. The approximately $300,000 advanced to Piyush was a loan, not a gift and not an unconditional capital contribution by Parimal for Piyush's benefit.

17. Piyush accepted the loan of $300,000 and used the loan proceeds in connection with his investment and participation in the business.

18. Piyush has failed and refused to repay the $300,000 owed to Parimal.

19. Plaintiff further alleges that, without his authorization and without adequate notice to him, Piyush took possession and control all of the substantial inventory and assets belonging to Shraddha.

20. Piyush thereafter on or about sold, transferred, liquidated, or otherwise disposed of that inventory and failed to provide Parimal with a complete accounting of the inventory, sale prices, purchasers, proceeds, bank deposits, transfers, or disposition of the proceeds.

21. The inventory and related business assets had a value exceeding $100,000 excluding good will and intangible value.

22. Piyush caused the shutdown and closure of the business without Parimal's consent and in derogation of Parimal's equal ownership, contractual, governance, and economic rights.

23. Plaintiff was intentionally excluded from all material decisions concerning the business, its inventory, its assets, its proceeds, and its closure.

24. Piyush did not provide Plaintiff with any accurate accounting or notice before undertaking the improper closure and dissipation of assets transactions.

25. Defendant Piyush failed to disclose material facts concerning the inventory disposition, proceeds, financial condition, and closure while possessing exclusive and sole de facto management and operation and having exclusive knowledge of those facts.

26. Plaintiff Parimal has suffered direct losses, including the unpaid $300,000 loan and other damages personal to him. Shraddha has separately suffered corporate injury to the extent its inventory, cash, proceeds, goodwill, and other property were wrongfully dissipated or diverted.

**DERIVATIVE ALLEGATIONS AND DEMAND**

27. Plaintiff was and is a shareholder of Shraddha at the time of the transactions complained of and continues to hold a 50% ownership interest.

28. This action is not collusive and has not been brought for the purpose of manufacturing federal jurisdiction.

29. Plaintiff, through counsel made written demand to Defendant on October 2, 2026.

30. Parimal fairly and adequately represents the interests of Shraddha with respect to recovery of corporate property and proceeds allegedly diverted by Piyush.

**COUNT I**

**BREACH OF CONTRACT - $300,000 PERSONAL LOAN (DIRECT)**

31. Parimal incorporates the preceding paragraphs.

32. Parimal and Piyush entered into an agreement under which Parimal advanced approximately $300,000 to Piyush as a loan.

33. Parimal performed his obligations by advancing the funds.

34. Piyush received and used the funds and became obligated to repay them under the agreed terms.

35. Piyush materially breached the agreement by failing and refusing to repay the loan when due.

36. As a direct and proximate result, Parimal has suffered damages of approximately $300,000, plus recoverable interest and other relief.

**COUNT II**

**UNJUST ENRICHMENT / RESTITUTION (DIRECT; IN THE ALTERNATIVE)**

37. Parimal incorporates the preceding paragraphs and pleads this Count in the alternative to Count I.

38. Parimal conferred a benefit of approximately $300,000 upon Piyush; Piyush knowingly accepted and retained that benefit and used it for his own purported investment or business participation.

39. If no enforceable contract governs repayment, retention of that benefit without repayment would be unjust.

40. Parimal seeks restitution in an amount to be proven, including approximately $300,000.

## COUNT III

## BREACH OF WRITTEN BUSINESS / SHAREHOLDER AGREEMENT (DIRECT)

41. Parimal incorporates the preceding paragraphs.

42. The January 2, 2025 written partnership agreement establishes contractual rights governing the parties' equal business relationship and participation.

43. Piyush breached the duties imposed by that agreement by, inter alia, excluding Parimal from material business decisions, unilaterally disposing of business assets and causing or participating in closure of the business without the agreed participation of Parimal; all of which constitute unlawful oppression, squeeze out and freeze out of a shareholder..

44. Parimal suffered direct contractual and economic damages as a result.

## COUNT IV

## FRAUDULENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT (DIRECT)

45. Parimal incorporates the preceding paragraphs.

46. Plaintiff alleges that Piyush made material representations and/or concealed material facts concerning the source and treatment of investment funds, the status and disposition of inventory, the proceeds of inventory sales, and the intended or actual shutdown of the business.

47. To the extent Piyush intentionally or recklessly misrepresented or concealed material facts upon which Parimal justifiably relied to his detriment, Piyush is liable for compensatory damages and, if proven, punitive damages.

**COUNT V**

**BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY (DIRECT)**

48. Parimal incorporates the preceding paragraphs.

49. By virtue of the parties' closely held 50/50 relationship, the partnership Agreement and the Bylaws, and Piyush's assumption of control over matters affecting Parimal's personal contractual and ownership rights, Piyush owed duties to Parimal under the Pennsylvania Business Corporation Law.

50. Piyush breached those duties by excluding Parimal, withholding material information, and using control over the business relationship for his own benefit and to Parimal's detriment.

**COUNT VI**

**OPPRESSION / FREEZE-OUT AND EQUITABLE RELIEF UNDER 15 Pa.C.S. § 1767**

51. Parimal incorporates the preceding paragraphs.

52. Parimal owns 50% of the Shares of Shraddha.

53. Piyush's alleged exclusion of Parimal, unilateral disposition of substantial corporate assets, concealment of proceeds, and closure of the business constitute, if proven, illegal, oppressive and/or fraudulent conduct toward Parimal and/or circumstances warranting statutory equitable intervention.

54. Parimal demands damages, equitable relief, court-ordered buyout and/or compensation on damages and/or the appointment of a custodian and such additional equitable relief as the Court deems appropriate.

## COUNT VII

## DERIVATIVE BREACH OF FIDUCIARY DUTY, CORPORATE WASTE, AND DIVERSION OF ASSETS

55. Parimal incorporates the preceding paragraphs.

56. This Count is asserted derivatively on behalf of Shraddha.

57. Piyush, as a director, officer, controlling corporate actor, and fiduciary of Shraddha, owed duties to the Corporation.

58. Piyush breached those duties by taking, selling, transferring, dissipating or diverting corporate inventory and proceeds without proper authorization, corporate purpose, accounting, or preservation of value.

59. Shraddha was directly injured by the loss or diversion of its inventory, proceeds and other assets.

60. Plaintiff seeks derivatively recovery for Shraddha, together with damages, lost revenue and opportunity equitable relief, accounting, restitution, and other appropriate remedies.

## COUNT VIII

## DERIVATIVE CONVERSION / MISAPPROPRIATION OF CORPORATE PROPERTY

61. Parimal incorporates the preceding paragraphs.

62. This Count is asserted derivatively on behalf of Shraddha.

63. Shraddha owned and had the right to possess its inventory, cash, proceeds and other business property.

64. Piyush allegedly exercised unauthorized dominion and control over such property inconsistent with Shraddha's rights.

65. Shraddha is entitled to damages, return of property or proceeds, and other relief as permitted by law.

## COUNT IX

## ACCOUNTING

66. Parimal incorporates the preceding paragraphs.

67. The relevant financial information concerning inventory, sales, proceeds, bank accounts, transfers, liabilities and disposition of corporate property is alleged to be within Piyush's possession or control and cannot be fully reviewed or accessed by Plaintiff without an accounting.

68. Plaintiff Parimal requests a complete accounting of all funds supplied by him or on his behalf, all business receipts and expenditures, all inventory acquired or disposed of, all proceeds, all transfers to Piyush or related persons or entities, and all remaining corporate assets and liabilities.

## COUNT X

## CONSTRUCTIVE TRUST / EQUITABLE RESTITUTION

69. Parimal incorporates the preceding paragraphs.

70. To the extent identifiable funds, inventory proceeds, substituted assets, or other property wrongfully obtained or retained by Piyush can be traced, equity warrants imposition of a constructive trust or equivalent restitutionary remedy.

71. Parimal requests tracing, preservation, disgorgement, and transfer of such property to the party legally entitled to it.

**COUNT XI**

**DECLARATORY AND INJUNCTIVE RELIEF**

72. Parimal incorporates the preceding paragraphs.

73. An actual controversy exists arising from Parimal's 50% ownership and governance rights, the validity and effect of the January 2, 2025. Partnership Agreement, the parties' rights to corporate information and assets, and the disposition of business property by Defendant.

74. Parimal requests declarations establishing his rights and, upon the required evidentiary showing, preliminary and permanent injunctive relief preventing concealment, transfer, dissipation or destruction of relevant assets, proceeds, books, electronic records and evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment and grant relief as follows:

A. Judgment against Piyush on the $300,000 loan, together with applicable prejudgment and post-judgment interest;

B. Compensatory damages on Plaintiff's direct claims in an amount to be determined at trial;

C. Restitution and disgorgement as permitted by law;

D. Recovery on behalf of Shraddha for corporate inventory, proceeds for alienation, conversion, mass appropriation and other corporate losses proven on the derivative claims;

E. A full accounting of Defendants' and Corporation's financial transactions relevant to the dispute;

F. Declaratory relief establishing Parimal's rights based on his ownership;

G. Appointment of a custodian under 15 Pa.C.S. § 1767 if the statutory requirements are established;

H. A constructive trust or other equitable lien over traceable property or proceeds where appropriate;

I. Preliminary and permanent injunctive relief upon the required showing, including preservation of assets, books, bank records, inventory records, tax records, electronic data and sale records;

J. Punitive damages on any tort claim for which the evidence and Pennsylvania law permit such damages in the case of shareholder oppression and breach of fiduciary duty;

K. Costs and any attorneys' fees recoverable by statute, contract, common fund/substantial benefit doctrine, or other applicable authority; and

L. Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

Counsel for Plaintiff
Hahalis and Kounoupis, P.C.
20 E. Broad Street, Bethlehem, PA 18018
(610) 865-2609
george.kounoupis@employmentlaw-lv.com
#49798